**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2036-23

JUAN ROSADO,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Submitted March 19, 2025 – Decided June 19, 2025

Before Judges Currier and Paganelli.

On appeal from the New Jersey State Parole Board.

Juan Rosado, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Eric Intriago, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Juan Rosado appeals from a January 31, 2024 final decision of the New Jersey State Parole Board (Board), denying parole and establishing a twenty-four-month future eligibility term (FET). We affirm.

In 1989, appellant was convicted by a jury of murder and sentenced to a term of life imprisonment with a parole ineligibility period of thirty years. While in prison, appellant committed eighteen disciplinary infractions, six of which were asterisk infractions.[1] Appellant's most recent infraction occurred in 2016.

In 2023, appellant became eligible for parole for the third time. On August 25, 2023, the Board panel denied parole and established a twenty-four-month FET. The Board panel used the "prior to 8/19/1997" standard and determined "a substantial likelihood exist[ed] that [appellant] would commit a new crime if released on parole at [that] time."

The Board panel found the following mitigating factors applied: "Infraction free since last panel"; "[p]articipation in program(s) specific to behavior"; "[p]articipation in institutional program(s)"; "[i]nstitutional reports reflect favorable institutional adjustment"; and "letter of support in file." For

---

[1] Asterisk infractions are considered major violations and may be subject to serious sanctions.

reasons for denial, the panel found: "[f]acts and circumstances of offense(s). Specifically: murder"; "[p]rior offense record is extensive"; "[o]ffense record is repetitive"; "[p]rior offense record noted;" "[n]ature of criminal record increasingly more serious"; "[c]ommitted to incarceration for multiple offenses"; "[c]urrent opportunity(ies) on community supervision (on probation . . .) terminated/revoked for the commission of new offense(s)"; "[c]ommitted new offense(s) on community supervision (probation . . . ) but status not formally terminated/revoked"; "[p]rior opportunity(ies) on community supervision (probation . . . ) has (have) failed to deter criminal behavior"; "[p]rior incarceration(s) did not deter criminal behavior"; and "[i]nstitutional infraction(s): numerous/persistent/serious in nature; loss of commutation time; confinement in detention and/or Administrative Segregation; consistent with offense record. Last infraction: 7/21/16 (204)—use of narc[otics] . . . "; "substance abuse problem has not been sufficiently addressed;" and "[r]isk assessment evaluation. LSIR23."

The Board panel also concluded that appellant had insufficient problem resolution, stating specifically, he was "still in the process of dealing with his criminal thinking and behavior" and he still had "not taken the steps necessary

in order to change his way of thinking nor has he completed certain programming that would assist him since his last full board hearing."

Appellant appealed the Board panel's decision to the full Board, submitting a supplemental administrative letter and subsequently an amended appeal. On January 31, 2024, the Board issued a final agency decision affirming the denial of parole and imposition of a twenty-four-month FET. In its lengthy decision, the Board rejected appellant's arguments and concurred with "the determination of the Board panel that a preponderance of the evidence indicates that there is a substantial likelihood that [appellant] would commit a crime if released on parole at this time."

On appeal, appellant contends the Board failed to consider "the age-crime curve" and his current age. Appellant further asserts the usage of the pre-August 19, 1997 amendment standard is unconstitutional.

Our standard of review of administrative decisions by the Board is limited and "grounded in strong public policy concerns and practical realities." Trantino v. N.J. State Parole Bd. (Trantino II), 166 N.J. 113, 200 (2001). "The decision of a parole board involves 'discretionary assessment[s] of a multiplicity of imponderables . . . .'" Id. at 201 (alteration in original) (quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 10 (1979)). "To a greater

degree than is the case with other administrative agencies, the Parole Board's decision-making function involves individualized discretionary appraisals." Ibid.

Consequently, this court "may overturn the Parole Board's decisions only if they are arbitrary and capricious." Ibid. With respect to the Board's factual findings, we do not disturb them if they "could reasonably have been reached on sufficient credible evidence in the whole record." Id. at 172 (quoting Trantino v. N.J. State Parole Bd. (Trantino I), 154 N.J. 19, 24 (1998)).

We begin with appellant's argument that the Board failed to consider his current age in determining the likelihood of recidivism. We are unpersuaded.

The Board addressed the contention squarely in its decision, stating:

> [Appellant] assert[s] that the Board panel failed to consider the probability that [appellant] will commit another crime if released is exceedingly small. Specifically, [appellant] claim[s] that research shows that "[o]lder offenders [are] substantially less likely than younger offenders to recidivate following release;" that the Board panel totally disregarded, not [appellant's] advanced age as in Berta,[2] but [his] participation in several programs geared toward [his] behavior and bad decision making; and that the Board panel must "stop ignoring the current case[]law and the court mandate that advanced age, programming, or any one (1) factor will depend on the unique history, background and characteristics of the individual and the

_____

[2] Berta v. N.J. State Parole Bd., 473 N.J. Super. 284, 322 (App. Div. 2022).

5

institutional record developed during years of incarceration" that are "highly relevant factors in mitigation" that the Board must consider. The Board panel has the obligation to determine if there is a substantial likelihood that [appellant] would commit a crime if released on parole at this time. [Appellant's] age is a matter of record, was noted on the Case Assessment at the time of [his] Initial Hearing, and was considered by the Board panel. However, an offender's age is not dispositive of whether the offender is suitable for parole[—]release. Regarding [appellant's] claim that the Board panel totally disregarded, not [his] advanced age as in <u>Berta</u>, but [his] participation in several programs geared toward [his] behavior and bad decision making, the Board finds that [appellant's] pre-parole report and rehabilitative efforts are a matter of record. [Appellant's] program participation was noted on the Case Assessment at the time of [his] Initial Hearing[] and was considered by the Board panel. Upon review of the electronic recording of the Board panel hearing, the Board finds that the Board panel and [appellant] discussed [his] program participation and [his] lack of programming to address [his] addiction use and cognitive behavior. The Board panel inquired about the 12-STEP program and noted that [appellant was] unable to recite any of the 12-STEPS from the program, to which [appellant] responded, "I had a drug addiction, but I don't take any drugs anymore." The Board finds that the Board panel followed up by inquiring about [appellant's] 2008 Anger Management program, and [appellant] responded, "I learned how to control my temper, I had a bad anger problem." Further, the Board panel acknowledged [his] program participation, while also noting that [appellant] really [has] not engaged in nor completed much programming since [his] last Board panel hearing. In addition, the Board finds that the Board panel specifically noted as mitigating factors on its Notice of Decision: infraction

6

free since last panel; participation in programs specific to behavior; participation in institutional programs; institutional reports reflect favorable institutional adjustment; and letter of support on file. As a result, the Board finds that the Board panel did not solely base its decision to deny parole on the negative aspects in the record, rather, the Board finds that the Board panel based its decision on the entire record governed by the factors set forth in the statutory requirements and N.J.A.C. 10A:71-3.11.

In Acoli v. New Jersey State Parole Board, 250 N.J. 431, 470 (2022), the Court found that "[n]othing in the Parole Board's decision suggests that the Board considered in any meaningful way the studies on the age-crime curve in denying parole to [the appellant]." The Court found the Parole Board's decision was not supported by substantial evidence in the record that the appellant would commit a crime and ordered the appellant to be released "in accordance with his parole plan." Id. at 470-71.

As a result, in Berta, this court instructed "the Board to account specifically for [the appellant's] age, along with all relevant mitigating circumstances, in determining whether—and, if need be, explaining why—the preponderance of the evidence establishes a substantial likelihood that he will re-offend." 473 N.J. Super. at 322.

Here, as stated in its decision, the Board did take appellant's age into account. He is currently fifty-six years old, significantly younger than the

appellants in <u>Acoli</u> and <u>Berta</u>, who were eighty-five and seventy-one years old at the time of their respective parole hearings.

Appellant also asserts the Board applied the incorrect standard in determining his parole eligibility. We disagree.

The Board stated:

> [Appellant] also contend[s] that the Board panel failed to document that a preponderance of the evidence indicates a substantial likelihood that [appellant] will commit a crime if released on parole. Specifically, [appellant] claim[s] that the Board panel's decision to deny parole was arbitrary, capricious or unreasonable, or unsupported by substantial evidence in the record as a whole, as it was not supported by new evidence presented at the hearing, but rather old evidence that was, and has been, utilized repeatedly by the Board panel in the past to deny parole. With regard to [appellant's] contention that the Board panel's decision was "arbitrary and capricious," the courts have defined an arbitrary and capricious action as one that is willful and unreasoning, without consideration and in disregard of circumstances. The Board finds that [appellant's] appeal contains no evidence to support this claim and none exists in the record. Furthermore, pursuant to N.J.S.A. 30:4-123.56(c), amendments to the Parole Act of 1979 . . . consideration of the entire record at each instance of parole consideration [is required]. The Parole Board may consider all information and is not limited to considering only new information. Moreover, the Board finds that the Board panel's decision to deny parole was based upon sufficient credible evidence in the record and that the Board panel fully documented its reasons for parole denial. The Board panel further noted in its Notice of Decision that

[appellant had] insufficient problem resolution, specifically, that [he had] not sufficiently addressed [his] substance abuse problem. The Board panel also noted [his] program participation as a mitigating factor. Pursuant to N.J.A.C. 10A:71-3.11, the Board panel is required to consider and base its decision on the aggregate of factors, including [appellant's] adjustment on community supervision, as well as [appellant's] past and present offenses. The Board panel has the authority to determine [appellant's] suitability for parole and the standard for assessing [his] case is whether a substantial likelihood exists that [appellant] would commit a new crime if released on parole at this time. The Board finds that the Board panel sufficiently documented the reasons for denial of parole, pursuant to N.J.A.C. 10A:71-3.18(f), and considered and based its decision on the aggregate of all factors pursuant to N.J.A.C. 10A:71-3.11. Therefore, the Board finds [appellant's] contention to be without merit.

An inmate's "parole is governed by the version of the Parole Act of 1979

. . . in effect when [their] crime was committed." Berta, 473 N.J. Super. at 304.

Appellant's crime was committed in 1988. Therefore,

[t]he statutory text that applies in this case provides . . . that [the inmate] "shall be released on parole at the time of parole eligibility, unless [it is shown] by a preponderance of the evidence that there is a substantial likelihood that the inmate will commit a crime . . . if released on parole at such a time."

[Ibid. (third alteration and second omission in original) (quoting Acoli, 205 N.J. at 455).]

The Board used the proper standard in denying appellant parole.

The Board's findings are neither arbitrary nor unreasonable, but rather are supported by credible evidence. The Board has authority to make the assessment as to the expectation that an inmate will commit a crime if released on parole. The Board's decision to deny parole and set a twenty-four-month FET is supported by sufficient credible evidence in the record and consistent with the applicable law.

To the extent we have not addressed all of appellant's contentions, we find they lack sufficient merit to warrant discussion in a written decision. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2036-23